UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-600-RJC

| | |
|---|---|
| ERVIN LAVANDER STREATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PAT ROBINSON; J. R. ROWELL; ) | |
| SCOTT STERMEN; EDDIE CATHEY ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 29, 2011. (Doc. No. 1).

## I. BACKGROUND

Plaintiff contends that defendants District Attorney Pat Robinson, Clerk of Union County Superior Court J. R. Rowell, court-appointed attorney Scott Stermen, and Union County Sheriff Eddie Cathey (collectively, "Defendants") violated his constitutional rights "by not providing [him] a hearing of Probable Cause for disposition of case 11cr054238, Robbery with Dangerous Weapon, after [his] Initial Appearance on Video Arraignment Hearing within the fifteen (15) allotted working days after said hearing on the next session of District Court." (Doc. No. 1 at 4). By way of relief, Plaintiff asks that this Court "Order the 20th Judicial District Attorney Pat. S. 'Trey' Robinson to Dismiss this instant case and alleged charge completely found in Union County of Monroe, N.C. under 11cr054238, Robbery with Dangerous Weapon." (Id.).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal

1

law by a person acting under color of state law.  Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights.  See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee.  Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

### III.   DISCUSSION

Claims affecting the fact or duration of confinement generally may not be litigated under §1983.  Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973).  In Preiser v. Rodriguez, the Supreme Court considered the overlap between a case filed pursuant to 42 U.S.C. § 1983 and a case filed under the habeas corpus statute pursuant to 28 U.S.C. § 2254 and concluded that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.  411 U.S. 475 (1973).

In Heck v. Humphrey, the Supreme Court considered a case not covered by Preiser, in which a petitioner seeks not immediate or speedier release, but monetary damages. The Heck Court concluded that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ. 512 U.S. 477, 486-87 (1994). The Supreme Court required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In 2005, the Supreme Court clarified that § 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). The Wilkinson Court emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82. Section 1983 relief "remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." Id.

Here, Plaintiff asks this Court to dismiss the charges pending against him in Union County. The fact that Plaintiff seeks dismissal of charges and immediate release from prison

indicates that his claim intrudes upon the "core" of habeas corpus and cannot be maintained under § 1983. Preiser, 411 U.S. at 487; Wilkinson, 544 U.S. 74, 79 (2005). Therefore, based on the principles articulated by the Supreme Court in Preiser, Heck, and Wilkinson, the Court must dismiss Plaintiff's § 1983 Complaint.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: December 20, 2011

Robert J. Conrad, Jr.
Chief United States District Judge